✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA

V.

__ALVIN GREGORY LYTLE__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  1:06 cr 38

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense

- for which a maximum term of imprisonment of ten years or more is prescribed in _____.
- under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence  X  a preponderance of the evidence  that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____  _____
*Date*                    *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06 cr 38

**UNITED STATES OF AMERICA,**

Vs.                                                      **ADDENDUM TO**
                                                         **DETENTION ORDER**

**ALVIN GREGORY LYTLE.**

---

**I.  FACTORS CONSIDERED**

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

(1)  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3)  the history and characteristics of the person, including--

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a crime of violence, that being possession of a firearm by a convicted felon. Possession of a firearm by a convicted felon is considered as a crime of violence in the Western District of North Carolina. <u>US vs. Redmon</u>, 3:06 cr 92 and <u>US vs. Allen</u>, 409 F.Supp. 2d 622 (Maryland, 2006)

**(g)(2):** The weight of the evidence against the person appears to be at the level of probable cause.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties and has had a long history of residence in Buncombe County, but has also resided in New York City. The defendant is in poor physical condition in that he has reported that he has diabetes; has broken his right leg on four occasions and he has hop problems. The defendant is not employed due to the fact that he is totally disabled. The defendant's history relating to drug or alcohol abuse shows that he advised the probation officer he had used crack cocaine and powder cocaine for a period of four to five years but he had not used cocaine in the past three years. He smoked marijuana when he was younger, but has not used that drug in many years and he had been addicted to pain pills but had not used prescription medications in six to seven years. This statement should be compared to the fact that the defendant was charged in Queens, New York on April 17, 2009 with misdemeanor criminal possession of a controlled substance. The defendant's criminal history consist of the following:

| Offense | Conviction Date |
|---|---|
| No operators license | 08/10/88 |
| No operators license | 11/26/74 |
| Felony larceny, misdemeanor shoplifting | |
| Misdemeanor shoplifting & concealing goods | 05/16/84 |
| Misdemeanor larceny | 07/25/84 |
| Misdemeanor assault on a female | 04/08/87 |
| Expired operators license | 06/05/88 |
| Receiving stolen weapons and possession of a stolen weapon, NJ | 12/09/88 |
| Expired operators license | 08/10/88 |
| No operators license | 08/31/88 |
| No operators license | 03/09/89 |
| Driving while license revoked | 05/05/89 |
| Driving while license revoked, no insurance | 08/04/89 |

| | |
|---|---|
| Driving while license revoked | 06/23/89 |
| Misdemeanor resisting public officer | 07/13/89 |
| Driving while license permanently revoked | 12/14/90 |
| Misdemeanor child support | 03/25/92 |
| Driving while license revoked | 01/19/93 |
| Driving while license permanently revoked | 01/19/93 |
| Driving while license permanently revoked | 01/19/93 |
| Driving while license revoked | 08/06/96 |
| Misdemeanor gambling | 08/06/96 |
| Misdemeanor carrying a concealed weapon | 11/26/96 |
| Felony possession with intent to manufacture, sell and deliver a schedule II controlled substance | 07/08/97 |
| Driving while license revoked | 08/09/98 |
| Felony assault with deadly weapon with intent to kill | 11/14/00 |
| Felony discharge a weapon into occupied property | 11/14/00 |
| No operators license, misdemeanor resisting a public officer | 12/18/03 |
| Driving while license revoked | 11/19/04 |

The defendant's record concerning appearance at court appearances shows that the defendant has regularly failed to appear. The defendant was charged on October 25, 2005 in Buncombe County, NC with resisting an officer, felony possession with intent to manufacture, sell and deliver cocaine and misdemeanor carrying a concealed weapon. He failed to appear on February 7, 2006, March 24, 2006 and February 28, 2006. The defendant was arrested on January 22, 2006 in Buncombe County, NC and charged with felony possession of a firearm by a felon, felony failure to appear, misdemeanor gambling, misdemeanor resisting an officer, two counts of misdemeanor simple possession of a schedule II controlled substance. The defendant failed to appear and orders for his arrest were entered on March 24, 2006. On February 6, 2006 the defendant was charged in Buncombe County, NC with being a felony habitual felon. The defendant failed to appear and an order for his arrest was issued.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was arrested in Queens, NY on April 17, 2009 for misdemeanor criminal possession of a controlled substance and he was released on terms and conditions of release.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. The defendant has been convicted of six felony convictions; two of which involve acts of extreme violence. The defendant has at least 27 misdemeanor convictions. The court finds that the release of this defendant would create a risk of harm or danger to any other person or the community.

The undersigned does find by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part. The defendant has failed to appear in regard to charges that were brought against him in 2005 and 2006, including the charge of being a felon in possession of a firearm in the instance file. The defendant fled the

jurisdiction, not even telling his aged mother his whereabouts. The undersigned is convinced by a preponderance of the evidence if the defendant were released, he would again flee the jurisdiction. As a result of the foregoing, the undersigned has determined to enter an order detaining the defendant pending further proceedings in this matter.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: October 30, 2009

Dennis L. Howell
United States Magistrate Judge