IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:06-cr-000038-MR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| ALVIN GREGORY LYTLE, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Modification of Sentence [Doc. 24].

On December 23, 2009, the Defendant pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Defendant was sentenced on September 24, 2010 to a term of 120 months' imprisonment. [Doc. 19]. The Defendant did not file a direct appeal. On July 15, 2011, the Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [Doc. 22]. The Court denied the Defendant's motion to vacate on May 23, 2012. [Doc. 23].

The Defendant now moves the Court for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the Fourth Circuit's *en banc*

decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). [Doc. 24].

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may reduce or modify a sentence only when a defendant is sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the United States Sentencing Commission. See 18 U.S.C. § 3582(c). These circumstances are not present in the Defendant's case. Accordingly, the Defendant's motion for a reduction of sentence pursuant to § 3582(c)(2) is denied.

Further, although styled as a § 3582 motion, the Defendant is attacking the same criminal judgment that he challenged in his § 2255 motion. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (noting that "new legal arguments or proffers of additional evidence will usually signify that the prisoner is . . . continuing his collateral attack on his conviction or sentence"). The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain —

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be

> sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). As noted, the Defendant previously filed a motion to vacate pursuant to 28 U.S.C. § 2255, which motion was denied. The Defendant has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to proceed with a successive § 2255 motion. This Court is therefore without jurisdiction to consider a successive petition under § 2255. See In re Vial, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc).[1]

For the foregoing reasons, the Defendant's motion is denied. Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must

---

[1] Even if the Court could entertain the Defendant's motion, he has presented no basis on which he could be afforded relief under Simmons.

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Modification of Sentence [Doc. 24] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 17, 2014

Martin Reidinger
United States District Judge